COMMONWEALTH OF KENTUCKY
KNOTT CIRCUIT COURT
CIVIL ACTION NO.: 16-CI-100

BURNIS HALL; LESLIE COX;
RAINOR SHORT; MICHAEL COX;
DENNIS LAFFERTY; JIMMY HUBBARD;
STANLEY SHORT; MCCRAY AMBURGEY;
T.J. HOOVER; EUGENE DAY; KERMIT LEON HALL;    PLAINTIFFS

VS.

3M COMPANY, a foreign corporation, f/k/a MINNESOTA
MINING AND MANUFACTURING COMPANY; MINE SAFETY
APPLIANCES COMPANY, a foreign corporation; AMERICAN
OPTICAL CORPORATION, a foreign corporation; CABOT CSC
CORPORATION, a foreign corporation, CABOT CORPORATION,
a foreign corporation, AEARO TECHNOLOGIES, LLC, a foreign
corporation, AEARO LLC, a foreign corporation, MINE SERVICE
COMPANY, INC., a Kentucky corporation; ROBERT L. WHITAKER,
Director, Division of Workers' Compensation Funds, Successor to the
Special Fund; and OLD REPUBLIC INSURANCE COMPANY,
a Pennsylvania corporation,                    DEFENDANTS

SERVE:   3M Company
         CT Corporation System, Registered Agent
         306 W. Main Street, Suite 512
         Frankfort, Kentucky 40601

         Mine Safety Appliances Company
         1000 Cranberry Woods Drive
         Cranberry Township, PA 16066
         SECRETARY OF STATE

         ✓ FILED ___ TENDERED
         ___ RECEIVED ___ ENTERED
         THIS 15ᵀᴴ DAY OF April, 2016
         JUDY COLLINS, CLERK
         BY: _____ D.C.

         American Optical Corporation
         Jeff Healy, Esq.
         Tucker Ellis LLP
         950 Main Avenue, Suite 1100
         Cleveland, OH 44113
         SECRETARY OF STATE

         Aearo Technologies LLC
         CT Corporation System, Registered Agent
         306 W. Main Street, Suite 512
         Frankfort, Kentucky 40601



DEFENDANT'S EXHIBIT A

**Cabot Corporation**
CT Corporation System, Registered Agent
306 W. Main Street, Suite 512
Frankfort, Kentucky 40601

**Mine Service Company, Inc.**
Wallace Cornett, Registered Agent
Highway 15 South
Post Office Box 858
Hazard, Kentucky 41702

**Old Republic Insurance Company**
**a/k/a Old Republic Financial Acceptance Corporation**
Prentice-Hall Corporation System, Registered Agent
421 West Main Street
Frankfort, Kentucky 40601

**Robert L. Whittaker, Director**
Kentucky Division of Workers' Compensation Funds
1047 U.S. 127 South, Suite 4
Frankfort, Kentucky 40601

Serve by Secretary of State:

**Cabot CSC Corporation**
Two Seaport Lane, Suite 1300
Boston, Massachusetts 02210

Serve by Secretary of State

**Aearo LLC**
5457 West 79th Street
Indianapolis, Indiana, 46268

---

## COMPLAINT

---

Comes now the above named Plaintiffs, by and through counsel, for their Complaint against the above named Defendants, and state as follows:

### INTRODUCTION

1) This Complaint is filed on behalf of the above named Plaintiffs who:

   a) worked as coal miners within the Commonwealth of Kentucky;

   b) were exposed to coal, rock or sand dust as a result

   c) suffer from an occupational lung disease known as Coal Workers' Pneumoconiosis and/or Silicosis, commonly referred to as "Black Lung," COPD and other injuries by virtue of the failure of the respirators/dust masks Plaintiffs used to protect themselves from exposure to coal rock and sand dust while working as a coal mine employee, and

   d) some of whom have received, or are receiving, Workers' Compensation ("WC") benefits as a result of their Black Lung disease and other related injuries.

2) Plaintiffs are citizens of the Commonwealth of Kentucky and residents of and/or worked a substantial part of their mining careers in Knott County, Kentucky.

3) Defendants, 3M Company, formerly known as Minnesota Mining and Manufacturing Company ("3M"), Mine Safety Appliances Company ("MSA"), and American Optical Corporation ("AO"), are or were foreign corporations authorized to do business in the Commonwealth of Kentucky in various counties, including Knott County, which represents substantial and not isolated activities in this State and who manufactured the respirators/dust masks used by the Plaintiffs. The agent for service of process for Defendants 3M, MSA and AO Aearo Technologies LLC, and Cabot Corporation is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601 and/or the Kentucky Secretary of State. Defendant Cabot CSC Corporation ("CSC", formerly known as Cabot Safety Corporation) is a Delaware corporation located at Two Seaport Lane, Suite 1300, Boston, Massachusetts. CSC is a wholly-owned subsidiary of Cabot Corporation. Defendant Cabot Corporation ("Cabot") is a Delaware corporation headquartered at Two Seaport Lane, Suite 1300, Boston, Massachusetts. Defendant Aearo Tech-

nologies LLC (formerly known as Cabot Safety Acquisition Corporation) is a Delaware limited liability corporation having a principal place of business at 5457 West 79th Street, Indianapolis, Indiana. Aearo Technologies LLC is a wholly-owned subsidiary of 3M Company and/or Aearo LLC. Defendant Aearo LLC .(formerly known as Cabot Safety Holdings Corporation) is a Delaware limited liability corporation having a principal place of business at 5457 West 79th Street, Indianapolis, Indiana. Defendants Cabot CSC Corporation (Cabot Safety Corporation) Cabot Corporation, Aearo Technologies, LLC, Aearo, LLC, and 3M Company are successors in interest in whole or in part to assets and liabilities of American Optical Corporation and are also liable for certain defective respirators involved herein.

4) Defendants, 3M Company, Mine Safety Appliances Company, American Optical Corporation, Cabot CSC Corporation (Cabot Safety Corporation) Cabot Corporation, Aearo Technologies, LLC, and Aearo, LLC are collectively referred to herein as the "Respiratory Protection Defendants." The Respiratory Protection Defendants manufactured, distributed and/or sold respirators and dust masks to Plaintiffs' employers which were provided to and worn by Plaintiffs during their respective work at various coal mines. The respirators/dust masks were sold and used within the Commonwealth of Kentucky.

5) Defendant, Mine Service Company, Inc. ("Mine Service"), is a Kentucky corporation doing business in the Commonwealth of Kentucky with its principal office in Hazard, Kentucky. Mine Service may be served with process by serving its registered agent for service: Wallace Cornett, Hwy. 15 South, P. O. Box 858, Hazard, Kentucky 41702. Mine Service sold and distributed respirators/dust masks manufactured and distributed by Defendants, 3M, AO and MSA.

6) The Commonwealth of Kentucky is mandated by law to accurately, efficiently,

fairly and promptly administer workers' compensation services through the collection of premiums from Kentucky employers and payment of a portion of WC benefits to injured workers whose last injurious exposure occurred subsequent to January 1, 1973 up to December 12, 1996, and to the dependents of fatally-injured workers for claims arising, *inter alia,* for employees suffering from Black Lung disease. Mr. Robert L. Whittaker is named in this lawsuit in his official capacity only as Director of the Division of Workers' Compensation Fund, the successor to the Special Fund, a division within the Office of Workplace Standards, the Kentucky Department of Labor, the Kentucky Environmental and Public Protection Cabinet (the "Special Fund"). The Special Fund may have paid, or may be continuing to pay, WC benefits on account of Black Lung to some of the Plaintiffs and, by virtue of KRS 342.700, may have a subrogation lien against any recovery some of the Plaintiffs obtain in this lawsuit, with the exception of a recovery for pain and suffering.

7) Defendant, Old Republic Insurance Company, is a Pennsylvania corporation, doing business in the Commonwealth of Kentucky. Its principal office is in Greensburg, Pennsylvania. Defendant, Old Republic Insurance Company may be served with process by serving its registered agent for service: Prentice-Hall Corporation System, Inc., 421 West Main Street, Frankfort, Kentucky 40601. Upon information and belief, this Defendant may have paid WC benefits on account of Black Lung disease to some of the Plaintiffs and is joined in this lawsuit by virtue of a possible statutory lien pursuant to KRS 342.700.

8) The Defendants identified in Paragraphs 7 and 8 are referred to as "Statutory Lienholders" because of their possible payments of a portion of WC benefits due to Black Lung disease to the Plaintiffs. The Statutory Lienholders are named in this Complaint in order that all

parties possibly having any interest in any damages the Plaintiffs may recover in this lawsuit may assert any claims each Statutory Lienholder may have against any party to this Complaint.

9) The Plaintiffs, during the scope of their employment, used one or more of the respirators/dust masks manufactured by the Respiratory Protection Defendants and sold by Mine Service during the time they worked in coal mines in Knott County, Kentucky.

## JURISDICTION

10) Plaintiffs' claim are brought solely under Kentucky law, and Plaintiffs state that they are not bringing any claim, and disclaims any and all claims, under any federal law, statute, or regulation.

11) The damages suffered and sought to be recovered herein (compensatory and punitive) are in excess of the minimum jurisdictional limits of this Court.

12) Defendants are subject to the *in personam* jurisdiction of the Court by virtue of the fact that they did, and/or are doing, business within the Commonwealth of Kentucky and committed a tort in whole or in part in this state against the Plaintiffs and/or have continuing minimum contacts with the Commonwealth of Kentucky.

## VENUE

13) This court has venue of this action in that the Plaintiffs utilized respirators/dust masks manufactured, distributed and/or sold by the Respiratory Protection Defendants and the Mine Service. The Plaintiffs worked in the coal mines in Knott County, Kentucky during their mining career. Consequently, this cause of action is proper before this Court.

## FACTS

14) By reason of the Defendants' manufacture, marketing and sale of defective dust masks, Plaintiffs were exposed to coal, rock, or sand dust on those occasions when they

used the respirators/dust masks manufactured by the Respiratory Protection Defendants and sold by Mine Service. The respirators/dust masks used by Plaintiffs as set forth in this Complaint were subjected to normal use and were not altered or modified by the Plaintiffs after the time of sale. Nevertheless, the respirators/dust masks leaked substantial amounts of undetectable, harmful dust into the Plaintiffs' breathing zones, and such exposures substantially contributed to the development of their lung diseases and other injuries.

15) Plaintiffs developed a progressive, irreversible lung disease known as Coal Workers' Pneumoconiosis and/or Silicosis, COPD, and/or other injuries, caused by breathing coal, rock or sand dust, despite wearing the respirators/dust masks manufactured and distributed by 3M, AO and MSA and sold by Mine Service.

16) Plaintiffs were not aware more than one year prior to the filing of this Complaint, and were not possessed of information from which they ought to have been aware of both the nature of their injuries and their causal connection to the defective dust masks manufactured, marketed and/or sold by the Respiratory Protection Defendants and Mine Service.

## COUNT I

### STRICT TORT LIABILITY CLAIMS AGAINST EACH RESPIRATORY PROTECTION DEFENDANT AND MINE SERVICE

17) Plaintiffs adopt by reference the allegations contained and set forth above.

18) Each Respiratory Protection Defendant, at all times relevant hereto, was engaged in the manufacture, distribution and sale of respirators/dust masks. Each is strictly liable in tort to the Plaintiffs for the following reasons:

    a. Each Defendant knew or should have know at the time its products were placed in the stream of commerce that the respirators/dust masks were defective, unsafe and unreasonably dangerous for their intended and/or foreseeable uses;

      b.      In designing, manufacturing, and distributing respirators/dust masks in such an unreasonably dangerous condition that they were likely to cause harm to users thereof, including the Plaintiffs, when being used as intended;

      c.      In distributing and selling said products not accompanied by adequate warnings of the dangers that were known or knowable at the time of marketing;

      d.      Each Defendant knew that the respirators/dust masks would be used by the Plaintiffs' coal mine employers and Plaintiffs without inspection for or knowledge of the defects therein;

      e.      Each Defendant expected and knew that its respirators/dust masks would reach the Plaintiffs and were in fact received by the Plaintiffs without change in the condition in which the respirators/dust masks were first manufactured, distributed and sold; and

      f.      Plaintiffs were foreseeable users of the respirators/dust masks and used said products in their intended manner and suffered serious harm because of said use.

19)     As a direct and proximate result of the defects of the respirators/dust masks herein manufactured, distributed and sold by each Respiratory Protection Defendant and Mine Service, the Plaintiffs has incurred both economic and non-economic damages.

## COUNT II

### NEGLIGENCE CLAIMS AGAINST EACH RESPIRATORY PROTECTION DEFENDANT AND MINE SERVICE

20)     Plaintiffs adopt by reference the allegations contained and set forth above.

21)     Each Respiratory Protection Defendant and Mine Service is liable to the Plaintiffs for negligence in one or more of the follow particulars, which negligence was a proximate or contributing cause of the harm and injuries suffered by the Plaintiffs.

22) Each Respiratory Protection Defendant and Mine Service performed or was aware of the research which confirmed that its products would not sufficiently prevent the users' inhalation of respirable-size, pneumoconiosis-producing particles that cause a progressive, irreversible lung disease and other injuries.

23) As a result of the research described above, each Respiratory Protection Defendant and Mine Service had full knowledge at all times relevant to this action that no uniform respirator model adequately fits all individual faces, and that, without an adequate fit, its products would not prevent the inhalation of dangerous amounts of disease-causing respirable particles.

24) Each Respiratory Protection Defendant and Mine Service also knew that its negative pressure respirator/dust mask should not be used for protection against very small submicron disease-producing particles.

25) Each Respiratory Protection Defendant and Mine Service was aware that harmful respirable substances, such as coal, rock or sand dust, occur in the coal mine industry in extremely small sizes which would readily penetrate their dust filter materials. Each Defendant was aware that certain conditions in the atmosphere, such as submicron particles, heat, humidity, chemical vapors, smoke, and oil mists, significantly and adversely affected the effectiveness of their dust filter materials and that the degradation of certain filter materials was at its worst in underground coal mines. Each Defendant had knowledge that, as a result, the filter material used in each respirator would allow significant penetration and leakage of harmful respirable-size particles under typical circumstances and conditions found in the coal mine industry.

26) Each Respiratory Protection Defendant and Mine Service knew that, despite the above deficiencies, its products could possibly meet the minimal governmental approval standards, yet still failed to provide adequate respiratory protection to prevent the diseases they were

manufactured, marketed and sold to prevent. Each Respiratory Protection Defendant and Mine Service, collectively and in concert with each other, concealed and failed to disclose to the public at large, its distributors, the purchasers and users of their products, the research or information which demonstrated the limitations and failures of their safety products. Instead, each Respiratory Protection Defendant and Mine Service claimed its products were safe and effective for respiratory protection, which included using the governmental approval as a cover for selling dust masks which they knew were defective and ineffective.

27) Each Respiratory Protection Defendant and Mine Service is liable for its negligence in manufacturing, marketing and selling respiratory protective equipment which it knew or should have known had defects and dangerous limitations for safe use as stated above, and for its negligence in failing to warn distributors, purchasers and users that its products could not be safely used with coal, rock or sand dust during coal mine operations, and in failing to provide proper instructions, information, or warnings that its products could not provide adequate respiratory protection against small disease-producing particles.

28) The acts and omissions of each Respiratory Protection Defendant and Mine Service were in violation of each's duties to utilize reasonable care for the safety of users of its products, including the Plaintiffs.

29) As a direct and proximate result of the negligence of each Defendant as set forth herein above, the Plaintiffs sustained injuries and damages, as aforesaid.

## COUNT III

### BREACH OF IMPLIED WARRANTY AGAINST EACH RESPIRATORY PROTECTION DEFENDANT AND MINE SERVICE

30) Plaintiffs adopts by reference the allegations contained and set forth above.

31) At all times material herein, each Respiratory Protection Defendant and Mine Service manufactured, sold and distributed respirators/dust masks and knew the use for which the aforesaid devices were to be used by the Plaintiffs' coal company employers and the Plaintiffs and impliedly warranted that the respirators/dust masks were of merchantable quality and safe for their intended use.

32) Plaintiffs and/or their employers relied upon each Respiratory Protection Defendant and Mine Service's judgment in using the aforesaid respirators/dust masks.

33) The respirators/dust masks manufactured, distributed and sold by each Respiratory Protection Defendant and Mine Service were neither safe for their intended use nor of merchantable quality as warranted by said Defendants, in that the Plaintiffs developed Coal Workers' Pneumoconiosis and/or Silicosis and other injuries by utilizing said respirators/dust masks as they were intended to be used.

## COUNT IV

### INTENTIONAL MISREPRESENTATION CLAIM
### AGAINST EACH RESPIRATORY PROTECTION DEFENDANT AND MINE SERVICE

34) Plaintiffs adopts by reference the allegations contained and set forth above.

35) Despite its knowledge of the limitations and deficiencies of its products, each Respiratory Protection Defendant and Mine Service engaged in a strategy to promote and sell their faulty respiratory products.

36) Each Respiratory Protection Defendant made false material representations of its products' safety and express warranties in sales literature, advertisements and sales promotional communications.

37) Each Respiratory Protection Defendant and Mine Service wrongfully, collectively and in concert, pursuant to a common scheme or plan, unjustifiably marketed and advertised the

respirator products to be effective against harmful respirable-size pneumoconiosis producing dust as would be found in coal mines, and sold their respirator products under false and/or fraudulent representation that the use of these respirators and dust masks would protect workers by preventing occupational lung disease. Examples of some specific false representations made by the respirator manufacturers and marketers include:

    a.    Workers can know for sure that their nose, mouth and lungs are protected. (3M)

    b.    The 8710 (model respirator) stops pneumoconiosis and fibrosis producing dusts from ever reaching the lungs. (3M)

    c.    The nose needs help. It is not efficient enough to filter out everything harmful to a worker's lungs, things like pneumoconiosis and fibrosis-producing dusts. The 3M brand respirator 8710 is efficient enough. (3M)

    d.    Unique formable aluminum facepiece can be shaped to fit any face. (MSA)

    e.    A formable aluminum face piece that can be shaped to fit individual facial contours. Soft-rubber face cushion forms an air-tight seal on the face. (MSA)

38) By reason of the foregoing, each Respiratory Protection Defendant and Mine Service intentionally and/or recklessly misrepresented the safety and efficacy of its respiratory protection products with the intention of inducing the general public at large, including, but not limited to, the Plaintiffs and their employers to purchase and/or use its products in reliance on their fraudulent misrepresentations. Plaintiffs and their employers relied on each Respiratory Protection Defendant's and Mine Service's positions that their respirators/dust masks were safe and effective for use in coal mines.

39) Each Respiratory Protection Defendant and Mine Service had a duty to the purchasers, their distributors, and/or users of their products to communicate accurate information about the safety of those products; said duty was breached by virtue of concealment of information within the exclusive knowledge of said Defendants concerning their products and by the above fraudulent misrepresentations.

40) As a result of such misrepresentations of safety, each Respiratory Protection Defendant and Mine Service successfully established a profitable market for their defective products by causing distributors, purchasers (Plaintiffs' employers) and end users (including Plaintiffs) to be ignorant of the defects of their products; these blatant misrepresentations subjected the Plaintiffs and their employers to a false sense of security and confidence in the safety and effectiveness of the respiratory protection products used by Plaintiffs.

41) As a result of the maintenance of the market for its defective respirators/dust masks, each Respiratory Protection Defendant manufactured masks purchased by Plaintiffs' employers who, in reliance upon the representations of the safety of the products, purchased them for the Plaintiffs, who in turn used them in the belief that they would provide adequate respiratory protection.

42) Because of their defects, the masks insidiously harmed the Plaintiffs by causing them to unknowingly inhale harmful substances, which each Respiratory Protection Defendant and Mine Service knew all the while would cause a progressive, irreversible lung disease and other injuries.

43) That each Respiratory Protection Defendant and Mine Service in addition to the foregoing concealment of information committed the following acts of intentional, reckless, grossly negligent and/or fraudulent misrepresentation to the Plaintiffs and/or his employers, to

such extent that each Respiratory Protection Defendant and Mine Service is estopped to assert the Statute of Limitations as an affirmative defense, to wit:

    a.    Concealment of information within the exclusive knowledge of each of said Defendants about dust masks/respirators and their safety in coal mines;

    b.    Representations about dust respirators and their safety in coal mines;

    c.    The information provided was false and inaccurate;

    d.    The false information provided was material in nature;

    e.    Each knew the representations and statements it was making were false;

    f.    Each intended that the Plaintiffs and Plaintiffs' employers would rely on and act upon the misrepresentations made;

    g.    Plaintiffs and their employers relied on the false representations to their detriment; and

    h.    Plaintiffs and their employers had a right to rely on the representations.

## COUNT V

### DEFENDANT MINE SERVICE COMPANY, INC. WAS NEGLIGENT AND SHOULD HAVE KNOWN OF THE DEFECTS IN THE RESPIRATORS AT THE TIME OF SALE AND, THEREFORE, IS NOT IMMUNE FROM LIABILITY UNDER THE KENTUCKY MIDDLEMAN STATUTE

44)    Plaintiffs adopt by reference the allegations contained and set forth above.

45)    Mine Service is not immune from liability under the Kentucky Middleman Statute. As a dust mask/respirator distributor/seller, it knew or should have known at the time of sale that the dust mask/respirators it sold were defective and unreasonably dangerous when used in a coal mine. Each respirator distributor knew or should have known of the following:

That one of the most common type of government-approved dust masks/respirators was unsafe to use for respiratory protection by mine workers:

        i.       These respirators had dust filters that were chemically treated and mechanically processed in order to create an electrostatic charge on the filter;

        ii.      Authoritative information was readily available in the published literature from multiple sources regarding various conditions and circumstances which will dissipate or remove the electrostatic charge. This results in a significant reduction of the efficiency of the dust filter. Some of these conditions include use or storage of dust filters with exposure to oil mists, high heat, high humidity, moisture, submicron-size solid particles, submicron-liquid particles, smoke and fume. Examples of the published information include:

Respiratory Protective Devices Manual, by Edwin C. Hyatt, published by American Industrial Hygiene Association and American Conference of Governmental Industrial Hygienists, 1963; pg. 35, pp. 38-39, pg. 44.

A Guide to Industrial Respiratory Protection, by John A. Pritchard, published by U.S. Department of Health, Education, and Welfare, Public Health Service, Center for Disease Control, National Institute for Occupational Safety and Health, June, 1976; pp. 31-33, pg. 60.

"Respiratory Protective Devices," by Darrel D. Douglas, Chapter 21 of Patty's Industrial Hygiene and Toxicology. 3rd revised edition, Volume 1, John Wiley &Sons, Inc., 1978; pp. 1005-1008.

A NIOSH Technical Guide...NIOSH Guide to Industrial Respiratory Protection, by N. Bollinger, etal., published by U.S. Department of Health and Human Services, Public Health Service, Centers for Disease Control, National Institute for Occupational Safety and Health, Division of Safety Research, September 1,1987; pp. 19-20, pg. 52.

That certain types of dust respirators were difficult, if not impossible, to effectively fit test or fit check to insure a good seal when the respirator was put on by the wearer. Such information was published in various authoritative publications, such as:

A Guide to Industrial Respiratory Protection, by John A. Pritchard, published by U.S. Department of Health, Education, and Welfare, Public Health Service, Center for Disease Control, National Institute for Occupational Safety and Health, June, 1976; pp. 31-33, pg. 60.

46)    Mine Service had a duly to truthfully report and use reasonable means and efforts to ascertain the truth about the capabilities and limitations of the dust masks/respirators it sold to the Plaintiffs and Plaintiffs' employers for use in coal mines.

47) Mine Service negligently failed in its duty to the Plaintiffs and, as a proximate and/or contributory result thereof, Plaintiffs suffered the injuries complained of herein.

## COUNT VI

### STRICT LIABILITY OF DEFENDANT MINE SERVICE COMPANY, INC.

48) Plaintiffs adopt by reference the allegations contained and set forth above.

49) Mine Service is not immune under Kentucky Revised Statute 411.340 as set forth above, and therefore, is liable in strict liability.

50) As a direct and proximate result of the defect of the respirators/dust masks herein distributed and sold by Mine Service, the Plaintiffs have incurred both economic and non-economic damages.

## COUNT VII

### PUNITIVE DAMAGES AGAINST THE RESPIRATORY PROTECTION DEFENDANTS AND MINE SERVICE

51) Plaintiffs adopt by reference the allegations contained and set forth above.

52) Each Respiratory Protection Defendant and Mine Service knew that the use of their respirator products could and did cause progressive, irreversible lung disease and other injuries because, among other things, while worn, the respirator products allowed significant leakage of pneumoconiosis-producing dusts.

53) Each Respiratory Protection Defendant and Mine Service were aware of methods by which to remedy the defects of the respiratory protection devices which it manufactured, distributed and sold.

54) Each Defendant acted maliciously and with willful, wanton and reckless disregard and indifference for the rights and safety of the Plaintiffs by concealing from the general public and the purchasers and users of its products, evidence known and available to said defendant

about the defects and deficiencies of its products, and by knowingly designing, producing, manufacturing, marketing, selling and distributing products without warning, which it knew were certain to cause grave irreversible personal injury, and by representing that the devices were safe and effective despite their contrary knowledge.

55) The suppression of information and intentional, reckless and grossly negligent misrepresentations by each Respiratory Protection Defendant and Mine Service were motivated by their desire to obtain an unjust economic advantage, including maximizing sales and profits from the sale of its products at the expense of the health and life of the Plaintiffs, as well as a reckless disregard for the lives, safety and welfare of the Plaintiffs.

56) These aforesaid actions constitute malicious, willful, wanton and reckless conduct, and gross negligence, and demonstrate a complete disregard and indifference to the safety of the Plaintiffs. As a result, Plaintiffs seeks an amount in punitive damages against each Defendant that is fair and reasonable as shown by the evidence.

**WHEREFORE**, Plaintiffs demands:

1) Judgment against each Respiratory Protection Defendant and Mine Service for compensatory damages in an amount to be determined to be sufficient to compensate them for their actual damages, each in an amount in excess of the jurisdictional limits of this Court;

2) Judgment for punitive damages against each Respiratory Protection Defendant and Mine Service in an amount that is just as determined by the evidence;

3) That the Statutory Lienholders assert any claims pursuant to KRS 342.700 they may have against any party named in the Complaint;

4) For a trial by jury on all issues so triable;

      5)     Their costs herein expended, and for all other proper relief to which they may appear entitled.

Respectfully submitted,

_____
ADAM P. COLLINS, ESQ.
COLLINS, COLLINS & CONLEY, PSC
P.O. BOX 727
HNDMAN, KENTUCKY 41822
(606) 785-5048
Attorney for Plaintiffs

| AOC-105    Doc. Code: CI | | Case No. 16-CT-100 |
|---|---|---|
| Rev. 1-07 Page 1 of 1 Commonwealth of Kentucky Court of Justice www.courts.ky.gov CR 4.02; CR Official Form 1 | CIVIL SUMMONS | Court ☒ Circuit ☐ District County Knott |

Burnis Hall, et al     **PLAINTIFF**

VS.

3M Company, a foreign corporation f/k/a Minnesota Mining and Manufacturing Company et al     **DEFENDANT**

Service of Process Agent for Defendant: CT Corporation System Registered Agent
306 W. Main Street, Suite 512
Frankfort, Kentucky 40601

Serve by Certified Mail:

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S): 3M Company

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: 4-15, 2016     Judy Collins _____ Clerk
By: D Stone _____ D.C.

**Proof of Service**
This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this ____ day of _____, 2____.
Served by: _____
Title _____